UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

82 Glenwood Ave LLC,
    A New York LLC.

    *Plaintiff*.

v.

NOLAN SCHUTZE,
    An individual;

BHL CAPITAL LLC,
    A Texas LLC;

DAVID KANE,
    An individual;

EVAN LIPP,
    An individual;

KANE TITLE LLC,
    A Texas LLC;

    *Defendants*.

Case No. 7:23-cv-04192

> Plaintiff is directed to review and comply with this Court's Individual Practices, in particular Rule 4(F), which concerns applications for injunctive relief, including emergency and/or temporary injunctive relief. Specifically, the Court will not sign the proposed temporary restraining order (Doc. 6), prior to a conference with the parties, which conference shall be requested in strict accordance with the provisions of Rules 2(C) and 4(F) of the Court's Individual Practices, as well as Rule 65 of the Federal Rules of Civil Procedure.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>        May 24, 2023

_____/

# PLAINTIFF'S *EMERGENCY* MOTION FOR TEMPORARY RESTRAINING ORDER OR FOR AN INJUNCTION

1. On February 15, 2023, Defendant Schutze, acting as agent for Defendant BHL, entered into a purchase agreement to purchase the subject from WC for the price of $20,000,000.00.

2. The contract for the subject property required a $3,000,000.00 earnest deposit to be deposited with Defendant Evan Lipp, an escrow agent at Defendant Kane Title LLC 5301 Village Creek Dr. Suite A, Plano Texas 75093.

3. Defendant BHL did not have sufficient funds to complete the purchase, so Defendant BHL asked the Deraff Brothers for assistance in funding the deal.

4. The Deraff Brothers made contact with the Mermelstein Brothers, and an agreement was reached wherein the Mermelstein Brothers, through CJI Trading LLC, would provide the capital to finalize the deal, to wit $3,000,000.00 in cash.

5. To enable the parties to finalize this purchase, two new entities were formed:

   a. On or about February 13, 2023, Plaintiff 82 Glenwood Ave LLC was formed as a partnership between 1) the Deraaff Brothers' company, i.e. Hudson Valley Acuiisitoins3, LLC, and 2) the Mermelstein Brothers' company, i.e. CJI Trading LLC.

   b. On or about February 13, 2023, 601 Rio LLC was formed as a partnership between Defendant BHL Capital and Plaintiff 82 Glenwood Ave, LLC; an assignment of sale was also executed between Defendant BHL Capital and 601 Rio LLC in which Defendant BHL Capital assigned its rights as purchaser of the subject property to 601 Rio LLC.

6.  601 Rio LLC, as per its operating agreement, is owned as follows:

    i. 50% by Defendant BHL Capital LLC

    ii. 50% by Plaintiff 82 Glenwood Ave LLC

7.  In Paragraph 9 of the operating agreement for 601 Rio LLC, 82 Glenwood Ave LLC was to finance the downpayment under the contract of sale to purchase the subject property, in the amount $3,000,000.00.

8.  As per the Rio LLC operating agreement, 82 Glenwood Ave LLC then wired $3,000,000.00 to Kane Title LLC to serve as the downpayment, and which would be subject to the provisions of the purchase agreement between WC and 601 Rio LLC, as well as being subject to the 601 Rio operating agreement. CJI Trading LLC previously advised all defendants that CJI would need this money back by April 1, 2023 for another deal; Defendants BHL and Schutze agreed.

9.  As agreed, on or about March 30, 2023, Avrami Mermelstein authorized agent of Plaintiff 82 Glenwood Ave, LLC and CJI, began requesting the return of that $3,000,000.00.

10. On April 2, 2023, Defendant Nolan Schutze, an authorized agent of Defendant BHL Capital, LLC agreed in writing that he had already advised Kane Title to terminate the contract and to refund the $3,000,000.00 to Plaintiff 82 Glenwood Ave, LLC. This was part of an email exchange in which agents for both BHL Capital and Plaintiff 82 Glenwood Ave ***unanimously consented in writing***

that Defendant Kane Title LLC shall terminate the sale contract and refund the $3,000,000.00 to Plaintiff 82 Glenwood Ave. This is important because the 601 Rio operating agreement states in Paragraph 5:

> 5. **Powers**. All decisions of the company shall be made by mutual unanimous written consent by the Members.

11. The most pertinent email from Defendant Schutze on the topic was to Alan Pollack, who was counsel for Plaintiff 82 Glenwood, and states:

> On Sun, Apr 2, 2023, 5:49 PM Nolan Schutze <nolan@bhlcapital.io> wrote:
> Alan,
>
> I wanted to email you directly and let you know where we stand. I sent title termination of contract and to release earnest money, I need wiring instructions for your client to attach. There is a protocol with title and the release and I am working as diligently as possible to have this resolved. I was unaware of the timing on this so excuse my tardiness to the conversation.
>
> As the authorized signer on the real estate contract I am releasing the earnest money back to your client. I will have wire sent to you first thing in the morning.

12. With this email exchange, there clearly and unambiguously existed unanimous written consent among all members of 601 Rio LLC that the sale which 601 Rio had been assigned, would be terminated and that the $3,000,000.00 would be returned to Plaintiff 82 Glenwood Ave. Emails attached hereto as Exhibit B.

13. On April 4, 2023, Mr. Pollack received a letter, attached hereto as Exhibit A, from Attorney Jules Slim, essentially stating that BHL Capital unilaterally decided that it believed it could just keep that $3,000,000.00, stating in pertinent part:

> These facts make it undeniably clear that your client's tortious interference with the contemporaneous purchase and sale arrangement cost BHL Capital, LLC not less than a $3,000,000 profit distribution. Atlantic Urbana stood ready, willing, and able to consummate and fund its purchase for $26,000,000, and consequently, 601 Rio, LLC for $20,000,000. Therefore, we believe BHL is entitled to receive and hold the earnest money as compensation therefor, particularly as BHL was the contracting party for the purchase from WC 6th and Rio Grande, LP.

14. Since that time, the plaintiff has been attempting to avoid litigation and have simply been asking for their money back, to no avail.

Respectfully Submitted,

<u>/S/ Douglas Sanders</u>
Douglas Sanders
Sanders, Vanier, Grossman,
Attorney for Plaintiff
address
City, state, zip                                T:
phone
email@email.com


<u>/S/ Solomon M. Radner</u>
Solomon M. Radner (P73653)
RADNER LAW GROUP, PLLC
*Pro Hac* to Be Applied For
Attorney for Plaintiff
17515 West 9 Mile Rd, Ste 1050
Southfield, MI 48075
T: (877) 723-6375 * F: 866-571-1020
solomon@radnerlawgroup.com

<u>DATED: May19, 2023</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

82 Glenwood Ave LLC,
    A New York LLC.

    *Plaintiffs*.

v.

NOLAN SCHUTZE,
    An individual;

BHL CAPITAL LLC,
    A Texas LLC;

DAVID KANE,
    An individual;

EVAN LIPP,
    An individual;

KANE TITLE LLC,
    A Texas LLC;

    *Defendants*.
_____/

Case No.

Hon.

Solomon M. Radner (P73653)
RADNER LAW GROUP, PLLC
Attorney for Plaintiffs
17515 West 9 Mile Rd, Ste 1050
Southfield, MI 48075
T: (877) 723-6375
F: 866-571-1020
solomon@radnerlawgroup.com
_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS *EMERGENCY* MOTION FOR TEMPORARY RESTRAINING ORDER OR FOR AN INJUNCTION**

1.  **The applicable caselaw supports preliminary injunctive relief.**

A party seeking a preliminary injunction must show "(1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking the injunctive relief." *Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir.1992)); see also *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir.2010).

"The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir.2002). Irreparable harm requires a plaintiff to show "(1) `he is likely to suffer irreparable injury in the absence of an injunction'; (2) `remedies at law, such as monetary damages, are inadequate to compensate for that injury'; (3) the balance of hardships tips in his favor; and (4) `the public interest would not be disserved by the issuance of a preliminary injunction.'" *Rex Med. L.P. v. Angiotech Pharms. (US), Inc.,* 754 F.Supp.2d 616, 620 (S.D.N.Y.2010) (quoting *Salinger v. Colting*, 607 F.3d 68, 74-75 (2d Cir.2010)). The alleged injury must be "actual and imminent, not remote or speculative." *Kamerling*, 295 F.3d at 214.

**Applying the factors to the instant action**:

*(1) Irreparable harm analyzing the four factors.*

Plaintiff's $3,000,000.00 is being held or used unjustly and without any authorization. It is unknown at this time where Plaintiffs money is and how it is being used, abused, or lost.

The first factor a plaintiff is required to show is "he is likely to suffer irreparable injury in the absence of an injunction." Plaintiff in the instant action is likely to suffer irreparable injury by losing his $3,000,000.00 which is likely either in Kane's escrow account or BHL Capital's personal bank account. It is unknown how BHL plans to use Plaintiff's money and whether it will ever be recoverable.

The second factor a plaintiff is required to show is, "remedies at law, such as monetary damages, are inadequate to compensate for that injury." In the case at bar, remedies at law are inadequate to compensate for the injury since $3,000,000.00 is a large amount of money and it is unknown whether Kane or BHL Capital even if a judgment would be entered against them would even be able to come up with $3,000,000.00 to satisfy it.

The third factor a plaintiff is required to show is, "the balance of hardships tips in his favor." The hardships of being without $3,000,000.00 that is rightfully yours to use for whatever purposes necessary cannot be understated. There is no hardship for defendants since it is not their money and are not entitled to it.

The fourth factor a plaintiff is required to show is, "the public interest would not be disserved by the issuance of a preliminary injunction." The public would not be disserved by the issuance of a preliminary injunction in this matter as this is a private investment deal which Defendants converted Plaintiffs' money in.

Finally, the injury is actual and imminent and not speculative as Plaintiff's money is being withheld presently and it can be gone at any minute.

All four factors are met in this case to show that the Plaintiff in this action stands to suffer irreparable harm if a preliminary injunction or restraining order is not entered.

*(2) The likelihood of success on the merits*

Both Plaintiff and BHL Capital clearly in writing agreed to terminate the sale and in accordance with the contract and operating agreement Plaintiff was supposed to be reimbursed the $3,000,000.00 it put forth as the earnest deposit. There are emails evidencing this fact and therefore there is no real defense that Defendants can claim.

Additionally, Kane Title, LLC had a clear fiduciary duty as the escrow agent for this deal and very clearly did not reimburse and refund Plaintiff its $3,000,000.00. The likelihood of success on both of these claims is very high, Defendant has no defenses.

**Fed. R. Civ. P. 65 Supports Injunctive Relief**.

Fed. R. Civ. P. 65(b) states in pertinent part:

"(b) TEMPORARY RESTRAINING ORDER.

(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

**Rule 65 applied to the case at hand**:

Plaintiff's affidavit is attached hereto as Exhibit C. It lays out the facts and the fact that $3,000,000.00 of Plaintiff's money is being held without authorization or consent. Defendants have repeatedly told Plaintiff they would return Plaintiff's money, but have not done so, and are now ignoring Plaintiff's repeated demands for payment.

## CONCLUSION

Plaintiff is simply seeking an Order from the Court to maintain the status quo. Plaintiff respectfully requests the following:

1) that the Court enter a Temporary Restraining Order and/or Preliminary Injunction enjoining all Defendants from using or moving any of the $3,000,000.00 in any way.

2) That the Court schedule an evidentiary hearing during which it can take testimony to determine if an Injunction should be in place pending the resolution of this action.

Respectfully Submitted,

/s/ Douglas Sanders
SANDERS ARONOVA GROSSMAN WOYCIK, VIENER & KALANT, PLLC
100 Garden City Plaza
Suite 500
Garden City, New York 11530
dsanders@thesandersfirm.com
(516) 203-7616


/S/ Solomon M. Radner
Solomon M. Radner (P73653)
RADNER LAW GROUP, PLLC
*Pro Hac* to Be Applied For
Attorney for Plaintiff
17515 West 9 Mile Rd, Ste 1050
Southfield, MI 48075
T: (877) 723-6375 * F: 866-571-1020
solomon@radnerlawgroup.com

DATED: May 19, 2023

## PROOF OF SERVICE

I hereby certify that on May 19, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF electronic filing system, which will send notification of such filing to all parties having appeared in this matter, via their attorneys of record. I also emailed a copy of it to:

Nolan Schutze <nolan@bhlcapital.io
BRITTANY@KANETITLELLC.COM
Evan Lipp <evan@kanetitlellc.com
team1@kanetitlellc.com
Jules Slim, Counsel for the BHL Defendnats: jslim@slimlawfirm.com


*/s/ Solomon M. Radner*